IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS SPEROW, # N-77538, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-851-GPM |
| | ) |
| VIPIN SHAH, DOCTOR PAUL, | ) |
| LOUIS SHICKER, and | ) |
| UNKNOWN PARTY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, who is currently incarcerated in Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Shah and Paul, both physicians at Pinckneyville, were deliberately indifferent to his serious medical conditions. More specifically, Plaintiff claims that he suffers from both hepatitis C and an inguinal hernia. Defendants Shah and Paul have given Plaintiff no treatment for his hepatitis C despite his requests. Plaintiff believes the hernia was caused by general weakening of his body due to the untreated hepatitis C. Plaintiff's hernia has caused him to suffer intense pain on several occasions when the hernia became "trapped" or strangulated (Doc. 1, p. 6; Doc. 1-1, pp. 11-12). In addition, he experiences dizziness, headache, stomach pain, and difficulty walking on a daily basis because of the hernia. Due to his impaired ability to move about the prison, he has only been able to go to meals twice a day for the past two years. Defendant Shah has refused to provide treatment for the hernia. Plaintiff requests that he be given "adequate medical care and treatment" (Doc. 1, p. 7).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Shah and Paul for deliberate indifference to medical needs.

Plaintiff also names Louis Shicker (the Medical Director for the Illinois Department of Corrections) as a Defendant. Plaintiff fails to mention Defendant Shicker further in the body of his complaint, and does not describe any conduct on his part that might have violated Plaintiff's constitutional rights. As a result, Plaintiff fails to state a deliberate indifference claim against Defendant Shicker. Nonetheless, because Plaintiff is seeking injunctive relief in the form of particular medical treatment, Defendant Shicker may be a necessary party, and he shall remain as a Defendant in the action at this time.

Plaintiff also does not include any allegations of misconduct in the body of the complaint against the Unknown Party Defendant. Accordingly, the claim against the Unknown Party Defendant is dismissed on initial review. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

**Pending Motions**

**A. Motion for appointment of counsel (Doc. 3)**

There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it

himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff indicates that he has contacted one law firm in an effort to obtain counsel. This minimal effort does not demonstrate a reasonable attempt by Plaintiff to obtain counsel on his own, nor show that he has been effectively precluded from obtaining counsel. Accordingly, Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may choose to re-file this motion at a later stage in the litigation.

### B. Motion for service at government expense (Doc. 4)

It is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service at the government's expense. Service is directed for any remaining Defendants when a complaint passes preliminary review. Accordingly, this motion is **DENIED AS MOOT.**

### C. Motion for status (Doc. 9)

The motion for status is **GRANTED** in that the status of Plaintiff's case is reflected in this order.

**Disposition**

Defendant **UNKNOWN PARTY** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **SHAH, PAUL** and **SHICKER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of

Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: September 12, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge