IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS SPEROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-cv-851-GPM-DGW |
| | ) |
| VIPIN SHAH, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Rule 35 Physical and Mental Examination (Doc. 43) and Motion to Compel (Doc. 44) filed by Plaintiff, Dennis Sperow, on April 12, 2013 and the Motion to Submit Supplemental Pleadings filed by Plaintiff on April 24, 2013 (Doc. 47). The Motions are **DENIED**.

In the Motion for Rule 35 Physical and Mental Examination, Plaintiff states that he has not received his medical records from the Illinois Department of Corrections in response to a subpoena and that, in lieu of the discovery, he can submit to a liver biopsy and MRI in order to "clear up any doubt as to Mr. Sperow's medical condition." It appears that Plaintiff believes that Defendants do not have access to his medical records. Defendants point out, however, that they received Plaintiff's medical records on April 12, 2013 and that they were sent to Plaintiff on April 18, 2013. Defendants also indicate that Plaintiff has access to his medical records because some of them are attached to his complaint (Doc. 1) and are also attached to the recently filed Motion to Supplement (Doc. 47). Plaintiff has not shown good cause for a Rule 35 examination as his medical records have now been provided. In the related Motion to Compel, Plaintiff appears to seek a subpoena in order to acquire certain medical records from the Pinkneyville Correctional Center.

Plaintiff is informed that Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. Subpoenas are issued by the Clerk of Court and must contain certain information, must seek discoverable evidence, and must be served in accordance with the Rule. Plaintiff may not merely serve a document on a third party (that is the Medical Records Department of Pinkneyville Correctional Center) that is labeled "subpoena" and expect a response. If Plaintiff wishes to subpoena his medical documents from the Pinkneyville Correctional Center, he must first request a subpoena by filing a motion in this court. He must identify who the subpoena is directed towards and the information/documents that he requires. A subpoena will only be issued upon order of this court. Again, the Court notes that Plaintiff already has a copy of his medical records.

Finally, Plaintiff seeks leave to file supplemental pleadings pursuant to Federal Rule of Civil Procedure 15(d). The Rule provides that "on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff asserts in his motion that he is still not receiving adequate medical care for his liver condition. He has attached various medical reports to the Motion, most of which pre-date the Complaint. Plaintiff is not asserting any additional claims. The Complaint in this matter already asserts an on-going deliberate indifference to a serious medical condition. The supplement, then, is redundant.

## CONCLUSION

For the foregoing reasons, the Motion for Rule 35 Physical and Mental Examination filed by Plaintiff on April 12, 2013 (Doc. 43) is **DENIED**, the Motion to Compel filed by Plaintiff on

2

April 12, 2013 (Doc. 44) is **DENIED**, and the Motion to Submit Supplemental Pleadings filed by Plaintiff on April 24, 2013 (Doc. 47) is **DENIED**.

**DATED: May 3, 2013**

*[signature: Donald Wilkerson]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**

3