IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS SPEROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-851-JPG-DGW |
| | ) | |
| VIPIN SHAH, DR. PAUL, LOUIS SHICKER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on three Motions for a Temporary Restraining Order (Docs. 65, 68, 69) filed by Plaintiff, Dennis Sperow, on September 23, 2013 and October 24, 2013. A hearing on the motions was held before the undersigned on December 17, 2013. For the reasons set forth below, it is **RECOMMENDED** that each motion be **DENIED**.

## FINDINGS OF FACT

Plaintiff, Dennis Sperow, an inmate currently at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Vipin Shah and Dina Paul, both physicians at Pinckneyville, were deliberately indifferent to his serious medical needs. More specifically, Plaintiff claims that he suffers from both hepatitis C and an inguinal hernia, and Defendants failed to treat him despite his requests. Plaintiff believes the hernia was caused by general weakening of his body due to the untreated hepatitis C.

Plaintiff has filed three motions for injunctive relief. The following salient facts are drawn from the motions and the hearing on the matter. On or about September 9, 2013, Correctional Officer Huff, who is not a party to this case, removed him from the line for physically-challenged inmates and made him walk in the line for able-bodied inmates. Plaintiff contends that this was stressful, caused his heart rate to accelerate, and made him dizzy. Plaintiff testified that this was done in retaliation because the correctional officer did not like him. Plaintiff wants IDOC to recognize his physically-challenged status and issue him a low gallery permit.

Plaintiff also complains of Dr. Shah's prescribed course of treatment. Plaintiff testified that he was not receiving lactulose, the medication he should have been receiving to treat his hepatitis C. When he did receive lactulose, he only received one pill per day, but the recommended dosage is three pills per day. Dr. Shah also prescribed Ultram to treat Plaintiff's pain. Plaintiff contends that the Ultram was administered crushed which caused him to experience stomach pain, head pain, and diarrhea. Plaintiff also contends that Dr. Shah failed to check his ammonia levels on a consistent basis.

On December 17, 2013, this Court held a hearing on Plaintiff's motions for a temporary restraining order. Plaintiff appeared *pro se* and Defendants appeared by counsel. Jennifer Ledski appeared on behalf of IDOC, and Alexander Bean appeared on behalf Dr. Vipin Shah and Dr. Paul. Dr. Shah testified regarding his treatment of Plaintiff.

## CONCLUSIONS OF LAW

Injunctive relief is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL

PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

   1. a reasonable likelihood of success on the merits;
   2. no adequate remedy at law; and
   3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a temporary restraining order would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Plaintiff has not met his burden to show that he is entitled to injunctive relief. With respect to Plaintiff's allegations against Correctional Officer Huff, Plaintiff seeks injunctive relief against an individual who is not a defendant in this action. There is no indication in the record that Correctional Officer has received any notice of Plaintiff's motion. A temporary restraining order may issue without notice only when a party shows "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Plaintiff has not shown that immediate and irreparable

injury will result before the adverse party can be heard. Further, this Court is without jurisdiction over Correctional Officer Huff as he is not a party to this case and Plaintiff has not alleged that the named-Defendants have any authority over Correctional Officer Huff. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (finding Defendants cannot be held liable for actions of other individuals).

Plaintiff's complaints regarding Dr. Shah's medical treatment do not entitle him to injunctive relief. Dr. Shah testified, and the medical records show, that Plaintiff received lactulose to treat his hepatitis C. While Plaintiff argued that he only received one pill per day, Dr. Shah testified that Plaintiff received the appropriate dosage. Plaintiff also seeks injunctive relief because the medication Dr. Shah prescribed for pain, Ultram, caused stomach and head pain as it was administered in a crushed form. Dr. Shah testified that Plaintiff's complaints were common side effects of Ultram and that he prescribed Tylenol to replace the Ultram once Plaintiff complained. Further, Dr. Shah testified that some medications are administered crushed to ensure patient safety and for security purposes to avoid prisoners hoarding medications. This Court finds Dr. Shah credible.

Plaintiff's complaint that Dr. Shah failed to consistently check his ammonia levels does not entitled him to injunctive relief. Dr. Shah testified that ammonia tests are done to determine a patient's neurological status. According to Dr. Shah, new guidelines do not require ammonia tests to be administered each time an inmate undergoes lab testing. Ammonia tests are not required as long as an inmate is coherent and there are no signs of neurological damage. Dr. Shah testified that, in his medical opinion, Plaintiff did not need an ammonia test.

Finally, Plaintiff wants this Court to order IDOC to recognize his physically-challenged status so he can receive a low gallery permit. Dr. Shah, as the treating physician, has the right to

determine whether an inmate is physically-challenged. Dr. Shah testified that Plaintiff is not physically-challenged as he is mobile and does not require any assistance in movement. As such, Plaintiff has not presented any facts that entitle him to injunctive relief.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motions for Temporary Restraining Order be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 19, 2013**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**