IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS SPEROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-851-JPG-DGW |
| | ) | |
| DR. VIPIN SHAH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment (Doc. 52) filed by Defendant, Dr. Vipin Shah, on June 21, 2013. For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that this matter be **DISMISSED** as to Defendant Shah, and that the Court adopt the following findings of fact and conclusions of law.

### BACKGROUND

Plaintiff, Dennis Sperow, an inmate currently at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Vipin Shah was deliberately indifferent to his serious medical conditions when he failed to treat his hernia despite his requests. Plaintiff believes the hernia was caused by general weakening of his body due to untreated hepatitis C.

## FINDINGS OF FACT

Plaintiff developed a hernia on February 10, 2009.  A physician examined him two days later and determined that his hernia spontaneously reduced, without any manipulation, when he laid down (Doc. 53-3, p. 2).  The physician told Plaintiff to follow up as needed.  *Id*.  On February 26, 2009, Plaintiff refused to be seen by a nurse.  *Id*. at 3.  Plaintiff was next seen on April 8, 2009, when he told the nurse that he had "no pain at all" from the hernia when he laid down.  *Id*.  Plaintiff was further examined by a physician on April 20, 2009, May 14, 2009, and May 20, 2009.  At each examination, it was determined that the hernia spontaneously reduced when Plaintiff laid down and that it was easily reducible in the upright position.  *Id*. at 5-6.  During Plaintiff's May 20, 2009 examination, a physician gave him a low bunk and low gallery permit to help him limit his walking.  *Id*. at 6.  He was told to follow up if he experienced any problems reducing the hernia, abdominal pain, or vomiting.  *Id*.  On July 16, 2009 and August 21, 2009, Plaintiff was examined and a physician found that his hernia was easily reducible.  *Id*. at 7.  Plaintiff did not show for his sick call scheduled for September 23, 2009.  *Id*. at 9.

On February 2, 2010, Plaintiff was examined by Dr. Jill Wahl.  *Id*. at 12.  Dr. Wahl, like previous physicians, found that the hernia was easily reducible.  *Id*. at 13.  Dr. Wahl ordered Plaintiff a slow walk or physically challenged line permit based on his complaint that his hernia prevented him from going to "chow" more than twice a day.  *Id*.  Dr. Wahl renewed Plaintiff's low bunk and low gallery permit on May 3, 2010 after Plaintiff alleged that he was made to use the stairs.  *Id*.  She also examined Plaintiff and again found that his hernia was easily reducible upon him laying down.  *Id*. at 14.  On October 21, 2010, Nurse Practitioner Rector discontinued Plaintiff's physically challenged permit finding that he did not meet the

criteria for the permit as his hernia was easily reducible and he could reasonably move with regular line movement. *Id*. at 15.

Dr. Shah first examined Plaintiff on July 29, 2011 for his Hepatitis C; Plaintiff did not complain about his hernia at that time (Doc. 53-1, p. 1). On October 21, 2011, Dr. Shah examined Plaintiff for his hernia. *Id*. at 2. Dr. Shah noted that Plaintiff's hernia was easily reducible. *Id*. Plaintiff had no complaints of abdominal pain during Dr. Shah's exam which indicated to Dr. Shah that his hernia did not cause any pain or inflammation. *Id*. Dr. Shah, however, ordered Ibuprofen as Plaintiff complained that he had previously suffered pain. *Id*. Dr. Shah further advised Plaintiff that he should have a Tuss—the equivalent to a hernia belt—but, Plaintiff refused the belt. *Id*. On November 8th and 12th 2011, Plaintiff refused sick call. *Id*.

Dr. Shah examined Plaintiff for his complaints of stomach pain and ulcers on February 10, 2012 (Doc. 53-3, p. 20). Dr. Shah found that Plaintiff's abdomen was soft and that there was no swelling. *Id*. He prescribed Zantac for Plaintiff' stomach pain and told him to follow up in three months. *Id*. On May 10, 2012, Dr. Shah examined Plaintiff again regarding complaints of stomach pain. *Id*. at 21. During that examination, Plaintiff told Dr. Shah that the Zantac treatment relieved his stomach pain. *Id*. Dr. Shah ordered labs, prescribed Zantac, and told Plaintiff to follow up as needed. *Id*.

On June 7, 2012, Dr. Shah examined Plaintiff for complaints of acid reflux and stomach pain. *Id*. at 22. Dr. Shah found that Plaintiff had no signs of tenderness, rebound tenderness (tenderness when pushing on the patient), or guarding (reaction to being poked on the abdomen). *Id*. These findings indicated to Dr. Shah that there was no infection, intestinal strangulation, or any swelling related to the hernia. *Id*. Dr. Shah ordered lab work, prescribed Prilosec, and noted that Plaintiff should be reexamined in one month. *Id*. Dr. Shah examined Plaintiff on

October 5, 2012. *Id*. During the examination, Plaintiff complained of generalized pain, including joint pain. *Id*. Dr. Shah ordered vitamin B-12 injections for Plaintiff's low B-12 count. *Id*. Dr. Shah also ordered Ultram, a prescription pain killer, for Plaintiff's complaints of generalized pain. *Id*.

## CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

4

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  In order to prevail on such a claim, Plaintiff must show first that his condition was "objectively, sufficiently serious" and second that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted).

The following circumstances could constitute a serious medical need: "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *see also Foelker v. Outagamie County,* 394 F.3d 510, 512-513 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

Second, a prisoner must show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference.  "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985).  Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).  Put another

5

way, the Plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (citations omitted). A plaintiff does not have to prove that his complaints of pain were "literally ignored," but only that "the defendants' responses to it were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes* 546 F.3d at 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). "Even if the defendant recognizes the substantial risk, he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (quoting *Farmer*, 511 U.S. at 843).

Defendant Shah's treatment of Plaintiff's hernia did not rise to the level of a constitutional violation.[1] *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) ("Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts."). Plaintiff has failed to show that Defendant acted without exercising medical judgment, and that judgment is accorded deference unless "no minimally competent

---

[1] This Court does not reach the issue of whether Plaintiff's hernia constituted a serious medical need as it is clear that Plaintiff has failed to show that Dr. Shah acted with deliberate indifference.

professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008).

Plaintiff's contention that Dr. Shah refused to provide treatment for his hernia is not supported by the record. To the contrary, the record shows that Dr. Shah provided the adequate medical care to which Plaintiff was entitled. *See Boyce v. Moore,* 314 F.3d 884, 888-89 (7th Cir. 2002) ("Inmates are entitled to adequate medical care."). Dr. Shah first treated Plaintiff on July 29, 2011. Prior to Dr. Shah's treatment, other physicians and health care professionals had examined Plaintiff and found that he had an easily reducible hernia and that any pain would cease once he laid down. In a sworn affidavit, Dr. Shah stated that, in his medical judgment, Plaintiff's hernia was easily reduced manually, meaning the hernia returned inside the abdomen. Because Plaintiff's hernia was easily reducible, it did not necessitate surgery. Further, Dr. Shah prescribed Ibuprofen, Zantec, and Prilosec to treat Plaintiff's pain. When Plaintiff complained of stomach pain during an examination, Dr. Shah found that his abdomen was soft, with no swelling, and prescribed him Zantac. Plaintiff informed Dr. Shah that the Zantac did, in fact, relieve his stomach pain. Dr. Shah also recommended a hernia belt, but Plaintiff refused it. The record shows that Plaintiff was regularly seen and his condition closely monitored my medical personnel, including Dr. Shah. While Plaintiff may have wanted different treatment for his hernia, he is not entitled to demand specific care. *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). As such, Plaintiff has failed to show that Dr. Shah's responses to medical needs were so plainly inappropriate as to permit the inference that he intentionally or recklessly disregarded his needs.

In light of the foregoing conclusion that there was no constitutional violation, Dr. Shah is entitled to qualified immunity. In determining whether a defendant is entitled to qualified

immunity, the Court must consider two questions: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"; and, 2. was the right clearly established?" *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Saucier*, 533 U.S. 194, 201 (2001); *See also Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Estate of Escobedo v. Martin*, 702 F.3d 388, 404 (7th Cir. 2012) (quotation marks and citations omitted). And, "if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Dr. Shah did not exhibit such a lapse in medical judgment that his actions can be seen as violating the Eighth Amendment's deliberate indifference standard. Indeed, the record reveals that Dr. Shah provided Plaintiff adequate care in treating his hernia. Therefore, there is no showing that Plaintiff's constitutional rights were violated such that Dr. Shah should be tasked with defending this lawsuit.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 52) be **GRANTED** and that this matter be **DISMISSED** as to Defendant Shah.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder*

*v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 25, 2014**

                        **DONALD G. WILKERSON**
                        **United States Magistrate Judge**